IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICKY WALKER,                                    )
                                                 )
            Plaintiff,                           )
                                                 )
      v.                                         )      CASE NO. 09 C 1752
                                                 )
TOM DART, Cook County Sheriff;                   )
SALVADOR A. GORDIEZ,[1] Executive Director       )      JUDGE WAYNE R. ANDERSEN
C.C.D.O.C.;                                      )
D. BROWN, Asst. Executive Director C.C.D.O.C;    )
JOHN DOE, Asst. Executive Director C.C.D.O.C;    )
SLAUGHTER, Superintendent Div #1 C.C.D.O.C.;     )
D. HOWELL, Chief Div. #1 C.C.D.O.C.,             )
                                                 )
            Defendants.                          )

## MEMORANDUM OPINION AND ORDER

Plaintiff Ricky Walker, a pretrial detainee at Cook County Jail, brings this *pro se* complaint

pursuant to 42 U.S.C. § 1983, alleging that his conditions of confinement violate the Constitution.

Defendants Thomas Dart, the Sheriff of Cook County; Salvador Godinez, the Executive Director of

the Cook County Department of Corrections (CCDOC);  Dan Brown, the Assistant Director of the

CCDOC; Superintendent Slaughter, the Superintendent of Division 1; and D. Howell, the Chief of

Division 1, have filed a motion to dismiss.  For the following reasons, the Court grants in part and

denies in part Defendants' motion to dismiss.

## I.  Standard of Review on a Motion to Dismiss

It is well established that *pro se* complaints are to be liberally construed.  *Haines v. Kerner*,

404 U.S. 519, 520 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir.

---

[1]Plaintiff misspelled Defendant Godinez's name.  The Court will use the correct spelling.

2000).  In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the Court takes the allegations in the complaint as true, viewing all facts – as well as any inferences reasonably drawn therefrom – in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Bell Atlantic Corp.,* 550 U.S. 544, 555-56 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n. 1, (2002)).  However, some factual allegations may be "so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claims." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. Aug. 20, 2009) (quoting *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007)).

Federal Rule of Civil Procedure 8(a)(2) requires, in relevant part, that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to " give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Rule 8 reflects a liberal notice pleading requirement that focuses the 'litigation on the merits of the claim' rather than some technicality that might keep a plaintiff out of court.  *Brooks*, 578 F.3d at 580 (quoting *Swierkiewicz*, 534 U.S. at 514.  Alleging specific facts is not required.  *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  However, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic,* 550 U.S. at 555.  The plaintiff's claim must be "plausible" in that there are "enough facts to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's allegations.  *Bell Atlantic*, 550 U.S. at 556.

However, "a court need not accept as true 'legal conclusions[, or t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks*, 578 F.3d at 581 (quoting *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937 (2009).  Plaintiffs cannot "merely parrot

the statutory language of the claims that they are pleading . . . rather than providing some specific facts to ground those legal claims. . . ." *Brooks*, 578 F.3d at 581. "[C]ourts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal arguments." *Brooks*, 578 F.3d at 581.

## II. Facts

Plaintiff asserts a list of complaints about the conditions at Cook County Jail ("CCJ"). He claims that the paint, which may contain lead, is peeling throughout Division 1; the coverings over the pipes, which may contain asbestos, is unraveling; the showers flood constantly and Plaintiff has contracted fungus as a result; years of built-up rust drip on inmates while they are showering; air vents are full of dust, which cause breathing problems; inmates are not allowed to use a sheet or curtain to provide privacy while using the toilets in their cells; there are seven to eight cans in the recreation room to catch water; and the building is infested with rodents and bugs. During administrative lockdowns, inmates are locked in their cells more than 72 hours before being allowed to shower; are not allowed any exercise time; denied religious services; and have to wear the same clothing for more than two weeks at a time. Plaintiff claims these conditions have caused constant headaches, nervousness, depression, skin rashes, coughing, blood spotting, and breathing difficulties. In his response, Plaintiff adds that there is increased damage to his external lupus on his head.

## III. Analysis

In response to Defendants' motion to dismiss, Plaintiff clarifies that he is suing Defendants in their official capacities.

Claims filed against government officers in their official capacity are actually claims against the government entity for which the officers work. *See Kentucky v. Graham*, 473 U.S. 159, 167

(1985); *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007). A governmental entity is liable for damages under Section 1983 only if Plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 692 (1978) Unconstitutional policies or customs generally take three forms: (1) an official policy adopted and promulgated by its officers; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a usage or custom with the force of law; or (3) a constitutional injury was caused by a person with final policy-making authority. *Thomas v. Cook County Sheriff's Dept.*, 588 F.3d 445, 453 (7th Cir. 2009); *Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir. 2000).

Plaintiff does not allege that Defendants have either an express policy to create the allegedly unconstitutional living conditions at CCJ or that a person with final policy-making authority caused the allegedly unconstitutional living conditions. However, Plaintiff claims that Defendants have ignored the conditions despite numerous grievances being filed and that the lockdown orders have come from the Directors and/or superintendents. He also claims that religious services were denied in Division 1 from January 13, 2009, until September 1, 2009. Plaintiff sufficiently alleges a claim against Defendants in their official capacities through his allegations of a widespread practice of allowing various conditions to continue. Accordingly, Plaintiff can proceed against Defendants in their official capacities.

The Eighth Amendment[2] imposes on prison officials the duty to "provide humane conditions

---

[2]Because Plaintiff is a pretrial detainee, the Eighth Amendment's prohibition on "cruel and unusual punishment" does not directly apply to him, as his confinement was not "punishment." *See Williams v. Rodriguez*, 509 F.3d 392, 401 (7th Cir. 2007). Nevertheless, "[a]lthough the Eighth Amendment only applies to convicted prisoners, . . . the same standard applies to pretrial detainees under the Fourteenth Amendment's due process clause." *Id.* (*citing Cavalieri v. Shepard*, 321 F.3d 616, 620 (7th Cir. 2003)).

of confinement...." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (*quoting Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). However, prison conditions violate the Eighth Amendment only when they exceed "contemporary bounds of decency of a mature, civilized society." *Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994), *citing Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992).

In order to establish Eighth Amendment liability, Plaintiff must meet two requirements: first, he must show that the challenged conditions of confinement were objectively so serious as to amount to the denial of a basic human need; second, he must show that Defendants acted with deliberate indifference. *Farmer*, 511 U.S. at 834; *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991). As the Court of Appeals has explained, "the Eighth Amendment does not apply to every deprivation, or even every unnecessary deprivation, suffered by a prisoner, but only to that narrow class of deprivations involving 'serious' injury inflicted by prison officials acting with a culpable state of mind." *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996).

In addition, the Prison Litigation Reform Act bars prisoners from bringing a "[f]ederal civil action . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). *See Zehner v. Trigg*, 133 F.3d 459, 461 (7th Cir. 1997) (no recovery of damages under § 1997e(e) where plaintiffs exposed to asbestos did not claim physical injury). Plaintiff claims he suffered nervousness, depression, skin rashes, coughing, blood spotting, breathing difficulties, and increased damage to the external lupus on his head.

**A.  Exposure to Lead and Asbestos**

Plaintiff alleges that he may have been exposed to both lead in the paint and asbestos in the pipes. Not only are Plaintiff's speculations that there is lead in the paint and asbestos in the pipes insufficient, but also any such exposure does not constitute cruel and unusual punishment. *See*

*Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004), *citing McNeil v. Lane*, 16 F.3d 123, 125 (7th Cir. 1993) (affirming dismissal of Eighth Amendment claim premised on inmate's exposure to asbestos-covered pipes outside his cell because "asbestos abounds in many public buildings" and exposure to it in moderate levels "is a common fact of contemporary life and cannot, under contemporary standards, be considered cruel and unusual"). The Court accordingly grants Defendants' motion to dismiss as to this claim.

## B. Lack of Privacy

Plaintiff avers that inmates are not allowed to use a sheet or curtain to provide privacy while using the toilets in their cells. The Constitution does not mandate privacy in jail settings. *See Johnson v. Phelan*, 69 F.3d 144 (7th Cir. 1995) (no privacy rights within a prison). The Court accordingly grants Defendants' motion to dismiss as to this claim.

## C. Flooding in Shower Area and Recreation Room

Plaintiff alleges that both the shower area and the recreation room were frequently flooded, and that he developed athlete's foot as a result and that years of built-up rust dripped on inmates. Although uncomfortable, a foot fungus, or athlete's foot, is not a serious medical need or injury. *Landfair v. Sheahan*, 878 F.Supp. 1106, 1112-13 (N.D. Ill. 1995). Because Plaintiff did not suffer a serious physical injury from either the foot fungus or the rust drips, the Court grants Defendants' motion to dismiss as to this claim.

## D. Lack of Exercise

A lack of access to exercise or recreation may rise to a constitutional violation in extreme and prolonged situations in which the lack of movement threatens the inmate's health. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996); *French v. Owens*, 777 F.2d 1250, 1355 (7th Cir.

1985). The Seventh Circuit has found that not allowing an inmate any out-of-cell exercise for a six-month period violates the Eighth Amendment. *Delaney v. DeTella*, 256 F.3d 679 (7th Cir. 2001). In the instant case, Plaintiff alleged that inmates are not allowed exercise time. He does not claim that he was unable to exercise in his cell or that the lack of more time outside his cell damaged his health. The Court accordingly grants Defendants' motion to dismiss as to this claim.

## E. Lockdowns and Showers

Plaintiff claims that inmates were often on lockdown for more than 72 hours before being allowed to shower. To the extent that Plaintiff is challenging the length of time of the lockdowns, a pre-trial detainee has "no general liberty interest in movement outside of his cell guaranteed by the Due Process Clause." *Antonelli*, 81 F.3d at 1430. Moreover, Plaintiff does not claim that the lockdowns imposed an "atypical and significant hardship in relation to the ordinary incidents of [his] confinement." *Thielman v. Leean*, 282 F.3d 478, 482 (7th Cir. 2002). To the extent that Plaintiff is claiming that more than 72 hours passed between showers, the Seventh Circuit held in *Davenport v. DeRobertis*, 844 F.2d 1310, 1316-17 (7th Cir. 1988), that one shower a week is constitutionally sufficient. The Court accordingly grants Defendants' motion to dismiss as to these claims.

## F. Lack of Clean Clothing

Plaintiff claims that inmates had to wear the same clothing for more than two weeks at a time. Being denied clean clothes for two weeks, though unpleasant, is not a deprivation serious enough to support an Eighth Amendment claim. *See, e.g., Moss v. DeTella*, No. 96 C 5398, 1997 WL 24745, at *2 (N.D.Ill. Jan.16, 1997) (holding that lack of clean clothes and bedding for 111 days did "not rise to the level of a constitutional violation"); *Coughlin v. Sheahan*, No. 94 C 2863, 1995 WL 12255, at *3 (N.D.Ill. Jan.12, 1995) (allegation that inmate was provided only one change of

clothing in a three-month period did not support Eighth Amendment claim). The Court accordingly grants Defendants' motion to dismiss as to this claim.

## G. Dust in the Air Vents

Inmates must be provided with adequate ventilation. *See Del Raine v. Williford*, 32 F.3d 1024, 1035 (7th Cir. 1994). However, conditions such as poor ventilation do not fall below "the minimal civilized measure of life's necessities," absent medical or scientific proof that such conditions exposed a prisoner to diseases or respiratory problems that he would not otherwise have suffered. *Dixon v. Godinez*, 114 F.3d 640, 645 (7th Cir. 1997) (*quoting Farmer*, 511 U.S. at 833-34). Plaintiff ultimately will have to substantiate this claim with medical or scientific evidence. However, on a motion to dismiss, Plaintiff's allegations of breathing problems are sufficient. *See Bell Atlantic*, 550 U.S. at 556. The Court accordingly denies Defendants' motion to dismiss as to this claim.

## H. Pest Infestation

"[P]rison officials have a responsibility to provide inmates with a minima of shelter, sanitation and utilities--basic necessities of civilized life." *Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir. 1989). Allegations of prolonged exposure to pests may rise to a constitutional violation. *See Antonelli*, 81 F.3d at 1431(sixteen months of pest infestation is a "prolonged deprivation"). Defendants' motion to dismiss is accordingly denied as to this claim. However, on a motion for summary judgment, Plaintiff will need to demonstrate that the exposure to pests resulted in physical harm. *See Sain v. Wood*, 512 F.3d 886, 894 (7th Cir. 2008) (dismissing infestation claim where there was no allegation of "significant physical harm").

## I.  Denial of Religious Services

Plaintiff claims that religious services were denied in Division 1 from January 13, 2009, until September 1, 2009.  An inmate must be allowed "to practice his religion as long as doing so does not unduly burden the institution." *Hunafa v. Murphy*, 907 F.2d 46, 47 (7th Cir. 1990).  In order for an inmate to succeed on his claim that a jail has violated his First Amendment right to the free exercise of religion, the inmate must establish: "(1) that he espouses a bona fide religion, (2) that his beliefs are sincerely held, and (3) that the activity he wishes to perform is essential to the practice of his religion." *Saunders-El v. Tsoulos*, 1 F.Supp.2d 845, 847 (N.D.Ill.1998).  Plaintiff's allegation in his complaint are enough to overcome a motion to dismiss.  The Court accordingly denies Defendants' motion to dismiss as to this claim; however, on a motion for summary judgment, Plaintiff will need to demonstrate how the failure to provide religious services violated his constitutional rights.

## IV.  Conclusion

For the foregoing reasons, the Court grants Defendants' motion to dismiss in regard to Plaintiff's claims concerning exposure to lead and asbestos, lack of privacy, flooding in shower area and recreation room, lack of exercise, lockdowns and showers, and lack of clean clothing.

The Court denies Defendants' motion to dismiss in regard to Plaintiff's claims concerning dust in the air vents, pest infestation, and denial of religious services.

Defendants are give 20 days to answer or otherwise plead to the remaining claims.

IT IS SO ORDERED.

WAYNE R. ANDERSEN, Judge
United States District Court

DATED: February 19, 2010